PEOPLE, PLAINTIFF AND APPELLEE,. *v.* CRUZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 1162.—Decided May 25, 1917.

ASSAULT AND BATTERY—CRIMINAL INTENT—PRESUMPTION.—Any person who deliberately shoots at another and wounds him does so at his own peril and criminal intent is deduced from such an act, therefore he is *prima facie* guilty of aggravated assault and battery.

ID.—FELONY—MISDEMEANOR—ARREST.—A policeman is justified in shooting at a person who is attempting to escape only when such person has committed a felony or when a misdemeanor has been committed in the presence of the officer or when the latter has a warrant of arrest; and for a misdemeanor, only after an arrest.

ID.—If a man chooses to run when interrogated by a policeman, that does not justify the latter in shooting at him no matter what the policeman may believe.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

There was proof in this case tending to· show that Ernesto Allende, a youth who was doing nothing wrong, was shot twice in the legs by Victoriano C. Cruz. Near Toa Alta the said Ernesto Allende was halted by Victoriano C. Cruz and asked his name and residence. The boy became suspicious and moved off and perhaps he even ran away, and Cruz shot at him and wounded him without any more justification than that. Any one who deliberately shoots at and wounds another is *prima facie* guilty of assault and battery with aggravated circumstances, the crime charged in the information.

The defense was that Victoriano C. Cruz was a policeman and that Ernesto Allende ran away while the defendant, in search of an alleged fugitive, was interrogating the said Allende. The only justification for a policeman's shooting a man while the latter is trying to run away is when the person running has committed a felony, or when a minor offence has been committed in the presence of the officer, or when the latter has a warrant of arrest; and for the minor offenses only after an arrest. Allende had committed no offence and Cruz had no warrant for his arrest. Indeed, the proof tended to show that the officer was disguised and made no attempt to arrest until he had fired the shots. Until the shots were fired Allende did not know that Cruz was an officer.

It was strongly urged at the hearing that a dangerous man was at large whom Cruz was trying to arrest. He had, however, no warrant of arrest for the alleged fugitive. His real mission was to remove a man who was disturbing the peace of a house, but when Cruz arrived at the house the man was gone. Cruz mistook Allende for the fugitive, but even if he had been the person sought, Cruz was not justified in shooting at him. Neither Allende in fact nor the supposed fugitive could be held to have resisted an officer as there was no attempt at arrest, nor even a demonstration that Cruz was any kind of a peace officer. If a man chooses to run when interrogated, that is no justification for a policeman's shooting at him, no matter what the policeman himself believes. Any one who shoots at another does so at his peril. The intent to shoot and hit was there, from which the criminal intent is deduced, no matter what the motive of a particular defendant. 2 R. C. L. 527, *et seq.*

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.